FLEMM, Respondent, v. WHITMORE, Appellant.

1. The practice act of 1849 does not apply, except the 25th article, to proceedings in justices' courts.
2. It is erroneous, in a case appealed from a justice of the peace, for a circuit court to strike out on the trial two of several plaintiffs; there must be a recovery in such a case in the names of all the plaintiffs, or of none.

## *Appeal from Jefferson Circuit Court.*

*A. Green*, for appellant, cited Practice Act, art. 11, secs. 5, 6; Sautier v. Kellerman, 18 Mo. 509; Practice Act, art. 30, section 6; R. C. 1845, sec. 5; Chauvin v. Labarge, 1 Mo. 556.

*Pipkin*, for respondent, cited Practice Act, art. 11 secs. 5, 6; Greeves v. McAllister, 2 Binney, 591; Doty v. Wilson, 14 Johnson, 278; note to Depeau v. Waddington et al., Amer. Lead. Cases.

RYLAND, Judge, delivered the opinion of the court.

This was a suit brought by Flemm and two others in a justice's court against Whitmore. There was a trial, and verdict, and judgment for the plaintiffs. Defendant appealed to the Circuit Court. In the Circuit Court, on the trial of the case, it appeared that the plaintiffs, Flemm, Frederici, and Pipkin, were three of a committee consisting of five, to employ counsel to defend a law suit. The defendant was not a party to the suit; but it appeared in proof that, after the counsel had been employed, the defendant said to Flemm, one of the three plaintiffs, that he would pay his proportion of the fee. The court allowed the proceedings to be amended, after the proof was in, by allowing the names of the plaintiffs Frederici and Pipkin to be stricken out, and the judgment to be rendered for the remaining plaintiff, Flemm. The trial was by the court without a jury. The defendant asked the following instruction: "The counsel of the defendant ask the court to declare the law to be, that if the defendant was not a party in the suit of the Bollinger Heirs v. Soulard and others, and did not promise to pay the committee who employed counsel in the defence of said case, then there was no legal liability resting on him to pay any part of said counsel's fees, unless he expressly promised said committee, prior to their engagement of said counsel, to pay his proportional part; and any promise to said committee, made

after they had engaged couns l, is not binding, unless such promise was made by defendant, and put in writing and signed by him." This the court refused to do, and the defendant duly excepted, and saved the point. It appeared in evidence that, although the defendant was not included as one of the defendants in the suit by the Bollinger Heirs v. Soulard and others, yet he was interested in the event, because he owned about four hundred acres of land depending on the same title as that of the other defendants.

This judgment is erroneous. The statute of 1849, commonly called the practice act, does not apply to proceedings in the justices' courts, except the 25th article—" the examination of witnesses." Therefore, in this case, the recovery must have been in the names of all the plaintiffs or of none. The Circuit Court could not strike out half or two-thirds of the plaintiffs and let the remainder recover. There is no law warranting such a course.

In regard to the declaration of the law as prayed for by the defendant, this court is of opinion that the proposition contained in the first clause of the instruction is correct, and that in such case the promise is voluntary. But we also think that that promise, if made to the plaintiffs, or either of them, to pay the debt they had contracted, was not within the statute. Such promise is not " to answer for the debt, default or miscarriage of another person." Let the judgment be reversed; the other judges concurring.